# In the United States District Court for the Southern District of Georgia Waycross Division

R. D. THOMAS, JR.,

    Plaintiff,

v.

FIRST SOUTHERN BANK F/K/A
THE PATTERSON BANK,
LYNN SCHROEDER AND
WILLIAM "BILL" HUGHES

    Defendants.

NO. 5:17-CV-23

### ORDER

Before the Court are Defendant Lyn Schroeder's (misidentified as Lynn Schroeder) ("Schroeder"), Defendant William Hughes's ("Hughes") and The Patterson Bank's ("the Bank") Motions to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. These Motions have been fully briefed and are now ripe for review. For the following reasons, Defendant Schroeder's Motion is hereby **DENIED** at this time, Defendant Hughes's Motion is hereby **DENIED** at this time, and Defendant Bank's Motion is hereby **DENIED** at this time.

1

BACKGROUND

The facts stated herein are taken solely from Plaintiff's Complaint and are assumed to be true pursuant to Rule 12(b)(6). Plaintiff R.D. Thomas was the CEO of Defendant Bank until January 2012. Dkt No. 1, Ex. 1 ¶ 5. Plaintiff and the Bank entered into a Salary Continuation Agreement ("the Agreement") in August 1997. Id. ¶ 7. The Agreement provided an annual accrual of benefits peaking at fifteen years of employment with a salary continuation and annual benefit of $77,500 per year, paid in monthly installments over fifteen years. Id. ¶ 8. Plaintiff voluntarily terminated his employment in January 2012. Id. ¶ 11. Accordingly, the Bank began paying benefits to Plaintiff the next month, in February 2012, in the amount of $6,458.33 per month. Id. ¶ 12. On behalf of the Bank, Defendant Schroeder, the Bank's attorney, notified Plaintiff on December 20, 2012 that the Bank was ceasing its fully vested benefits because of loans made to Plaintiff and his sister in 2008. Id. ¶ 13.

Plaintiff then met with CEO Defendant Hughes, and they agreed to a present value reduction of Plaintiff's benefits under the Agreement for the balance of the two notes. Id. ¶ 14. This new agreement ("Second Agreement") was reduced to writing and signed by Plaintiff. Id. ¶ 15. The Bank then, through its attorneys, informed Plaintiff on December 16, 2015 of termination of payment. Id. ¶ 16. Meanwhile, the Bank sued Plaintiff on his promissory note that the Plaintiff alleges the Second Agreement had satisfied. Id. ¶ 25.

Accordingly, Plaintiff sued Defendants in the State Court of Pierce County, bringing claims of breach of contract and fraud.

2

Defendant then removed the case to this Court pursuant to 28 U.S.C § 1441, articulating that although Plaintiff only stated claims under state law, those claims were preempted by the federal Employee Retirement Income Security Act ("ERISA") and thus invoked federal question jurisdiction under 28 U.S.C. § 1331.

**LEGAL STANDARD**

Ordinarily, in order to state a claim for relief, a plaintiff's complaint must include "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). The Court accepts the allegations in the complaint as true and draws all reasonable inferences in favor of the plaintiff. Ray v. Spirit Airlines, Inc., 836 F.3d 1340, 1347 (11th Cir. 2016). However, the Court does not accept as true threadbare recitations of the elements of the claim and disregards legal conclusions unsupported by factual allegations. Iqbal, 556 U.S. at 678-79. At a minimum, a complaint should "contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." Fin. Sec. Assurance, Inc. v. Stephens, Inc., 500 F.3d 1276, 1282-83 (11th Cir. 2007) (per curiam) (quoting Roe v. Aware Woman Ctr. for Choice, Inc., 253 F.3d 678, 683 (11th Cir. 2001)).

The standard for stating a fraud claim is even higher. "[A] party must state with particularity the circumstances constituting fraud . . . ." Fed. R. Civ. P. 9(b). Rule 9(b) "plainly requires a complaint to set forth (1) precisely what statements or omissions were made in which documents or oral representations; (2) the time and place of each such statement and the person responsible for making (or, in the case of omissions, not making) them; (3) the content of such statements and the manner in which they misled the plaintiff; and (4) what the defendant obtained as a consequence of the fraud." FindWhat Inv'r Grp. V. FindWhat.Co, 658 F.3d 1282, 1296 (11th Cir. 2011).

## DISCUSSION

### I. Subject Matter Jurisdiction

District courts have removal jurisdiction over "[a]ny civil action brought in a [s]tate court of which the district courts have original jurisdiction." 28 U.S.C. § 1441(a). District courts have original jurisdiction based either on diversity jurisdiction or federal question jurisdiction. 28 U.S.C. §§ 1331, 1332.

Generally, a cause of action invokes federal question jurisdiction only when "the plaintiff's well-pleaded complaint raises issues of federal law." Brown v. Conn. Gen. Life Ins. Co., 934 F.2d 1193, 1195 (11th Cir. 1991) (citing Taylor, 481 U.S. at 63). Because preemption is ordinarily a defense to a state claim, "it does not appear on the face of a well-pleaded complaint, and, therefore, does not authorize removal to federal court." Id. at 63. "One corollary

4

of the well-pleaded complaint rule developed in the case law, however, is that Congress may so completely pre-empt a particular area that any civil complaint raising this select group of claims is necessarily federal in character." Id. at 63-64. In this way, complete preemption provides an exception to the well-pleaded complaint rule and the requirement that federal law appear on the face of the complaint. In these cases, federal law does not merely preempt a state law but substitutes a federal cause of action for a state cause of action.

ERISA provides such an example of complete preemption, substituting a state for a federal cause of action whenever a plaintiff seeks to recover benefits under a plan as the rightful beneficiary. Metro. Life Ins. Co. v. Taylor, 481 U.S. 58, 60 (1987) ("[S]tate common law causes of action asserting improper processing of a claim for benefits under an employee benefit plan regulated by [ERISA] are pre-empted by ERISA.") (citations omitted). The preemptive force of ERISA is "so powerful as to displace entirely any state cause of action" for violation of contracts between an employee and his employer regarding retirement benefits. Beneficial Nat'l Bank v. Anderson, 539 U.S. 1, 7 (2003) (quoting Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation Tr. For S. Cal., 463 U.S. 1, 23 (1983)).

The Eleventh Circuit follows a four-part test for determining whether ERISA completely preempts the given state law claims: (1) there must be a relevant ERISA plan; (2) the plaintiff must have standing to sue under that plan; (3) the defendant must be an ERISA

entity; and (4) the complaint must seek relief akin to benefits due under a plan. Conn. State Dental Ass'n v. Anthem Health Plans, Inc., 591 F.3d 1337, 1344 (11th Cir. 2009) (citing Butero v. Royal Maccabees Life Ins. Co., 174 F.3d 1207 (11th Cir. 1999)). In other words, ERISA completely preempts state law claims where the defendants' potential liability derives entirely from the particular rights and obligations established by the benefit plans. Anthem Health Plans, 591 F.3d at 1345 (citing Davila, 542 U.S. at 213).

Here, the four-part test is satisfied. First, the plan at issue is an ERISA plan. The Agreement was between Plaintiff and his employer, the Bank, and provided for an added retirement benefit for Plaintiff. Dkt. No. 1, Ex. 1 ¶ 8. Hence, it was "any plan . . . established or maintained by an employer . . . that . . . provides retirement income to employees or results in a deferral of income by employees for periods extending to the termination of covered employment." 29 U.S.C. § 1002(2)(A)(i)-(ii). Second, the plaintiff has standing to sue under the plan. The Agreement provided for $77,500 to Plaintiff, and Plaintiff is seeking benefits pursuant to the Agreement. Dkt. No. 1, Ex. 1 ¶¶ 8, 20. Hence, Plaintiff is a participant or beneficiary "seeking to recover benefits due to him under the terms of his plan" because he is "any employee or former employee . . . who is or may become eligible to receive a benefit . . . from an employee benefit plan." 29 U.S.C. §1132(a)(1)(B); § 1002(7). Third, the Bank is an ERISA entity. Defendant is a business-conducting banking institute that previously employed Plaintiff. Dkt No. 1, Ex. 1 ¶¶ 2, 5. Hence, the Agreement

is an "employee benefit plan . . . established or maintained by an employer engaged in commerce" that is not a governmental plan, church plan, related to worker's compensation, maintained outside the United States, or an unfunded "excess benefit plan." 29 U.S.C. § 1003(a)-(b).

According to the allegations in the Complaint, the Agreement is not an excess benefit plan because it does not refer to a specific Internal Revenue Code section. See Nw. Mut. Life Ins. Co. v. Resolution Tr. Corp., 848 F. Supp. 1515, 1519 (N.D. Ala. 1994) ("[A]n employee benefit plan cannot serve the purpose of providing benefits in excess of these limitations without expressly referring either to IRC Section 415 or its substantive provisions. Thus, one may examine whether an employee benefit plan is an 'excess benefit plan' by examining the terms of the plan itself."). "[A]s a suit by a beneficiary to recover benefits from a covered plan," the plan at issue in this case falls directly under ERISA, "which provides an exclusive federal cause of action for resolution of such disputes." Id. at 63. Fourth, the complaint seeks relief akin to benefits due under the plan. Plaintiff seeks the "full present value of unpaid past and future benefits." Dkt. No. 1, Ex. 1 ¶ 20.

Therefore, this Court has federal question subject matter jurisdiction over the claims against the Bank pursuant to 28 U.S.C. § 1331 because ERISA completely preempts Plaintiff's claims for breach of contract and fraud. Even if some claims implicate a duty beyond the scope of ERISA, the court can exercise supplemental jurisdiction

over those claims. Anthem Health Plans, 591 F.3d 1337, 1353 (11th Cir. 2009).

## II. Statute of Limitations

All parties correctly note that the statute of limitations for a fraud claim in Georgia is four years. O.C.G.A. § 9-3-31. They disagree regarding when a fraud cause of action accrues. Georgia law provides that a "claim for fraud is dependent on the accrual of actual damages, and until such damages are sustained, the cause of action is not complete and the prescriptive period cannot run." Green v. White, 494 S.E.2d 681, 685 (Ga. Ct. App. 1997). Here, the alleged fraud did not cause damage to Plaintiff until the Bank terminated Plaintiff's benefits. Dkt. No. 1, Ex. 1 ¶ 16. This occurred on or around December 16, 2015. Id. Thus, when the lawsuit was filed on February 10, 2017, the four-year statute of limitations had not run.

## III. Sufficiency of Complaint

### A. Claims against Defendants Schroeder and Hughes

Plaintiff has alleged a fraud claim against Schroeder. In order to show fraud under Georgia law, "the plaintiff must establish five elements: (1) a false representation by a defendant, (2) scienter, (3) intention to induce the plaintiff to act or refrain from acting, (4) justifiable reliance by plaintiff, and (5) damage to plaintiff." Engelman v. Kessler, 797 S.E.2d 160 (Ga. Ct. App. 2017) (quoting Sun Nurseries, Inc. v. Lake Erma, LLC, 730 S.E.2d 556, 561 (Ga. Ct. App. 2012)). Plaintiff has failed to plead any facts constituting scienter. Nowhere in the Complaint does Plaintiff plead facts suggesting that Schroeder knowingly made a false representation.

8

Plaintiff's allegation that Schroeder drafted a "fraudulent 'Settlement Agreement'" is merely conclusory. Dkt. No. 1, Ex. 1 ¶ 15. So too is the allegation that Schroeder was planning to steal Plaintiff's interest in the Bank and "his fully vested retirement benefits as well." Id. ¶ 14. Nothing in the Complaint suggests that the Second Agreement was a false representation at the time it was made, even assuming for the sake of argument that the Bank breached its terms. And even assuming for the sake of argument that the Bank never intended to honor the terms of the Second Agreement, no factual allegations suggest that Schroeder shared that alleged intention. What is also missing is an allegation concerning what Schroeder obtained as a result of the alleged fraud. Plaintiff does not allege that Schroeder obtained any of the benefit that was owed to Plaintiff. Therefore, Plaintiff has failed to plead with particularity a claim for fraud against Schroeder.

The same infirmities plague Plaintiff's fraud claim against Defendant Hughes. The allegations that Hughes was planning to steal Plaintiff's interest in the Bank and his fully vested retirement benefits are similarly conclusory. Dkt. No. 1, Ex. 1 ¶ 14. The allegations that Hughes agreed with Plaintiff to a present value reduction, satisfying Plaintiff's obligations and later "wanted Plaintiff's promissory notes paid" do not lead to a plausible inference that Hughes made a false representation in entering the Second Agreement. Id. ¶ 14, 17. Nor does the Complaint allege that Hughes obtained a benefit that was owed to Plaintiff. Therefore, Plaintiff has failed to plead with particularity a claim for fraud

9

against Hughes. However, Plaintiff drafted the complaint for resolution in State Court. Rather than dismiss the claims, this Court will permit Plaintiff ten days from the date of this Order to amend his Complaint to allege fraud against these two individuals.

### B. Claims against Defendant Bank

As articulated above, this Court considers at least some of the claims against the Bank as falling under the provisions of ERISA. Interestingly, although the Bank correctly removed this case to federal court (based on complete preemption), it moved to dismiss the breach of contract and fraud claims against it not based on their complete preemption by ERISA but for failure to state a claim upon which relief may be granted. This is understandable, because the Complaint refers to two separate agreements. At this stage in the litigation, it is unclear to the Court whether both agreements are subject to ERISA law. As such, the Bank's Motion to Dismiss is **DENIED** at this time.

### CONCLUSION

Schroeder's Motion to Dismiss Plaintiff's fraud claim against her is hereby **DENIED** at this time. Hughes's Motion to Dismiss Plaintiff's fraud claim against him is likewise **DENIED** at this time. Plaintiff has ten days to amend any fraud claim against Schroeder and Hughes. The Bank's Motion to Dismiss the Complaint is **DENIED** at this time. Finally, the Court will hold a status conference on Tuesday, October

24th at 10:00am to discuss any briefing issues and provide a schedule for ultimate resolution of the case.

**SO ORDERED**, this 29th day of September, 2017.

HON. LISA GODBEY WOOD
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA